IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JONATHAN LEE RICHES,** ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00030 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **FLESCHNER, et al.,** ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Jonathan Lee Riches, a prisoner proceeding pro se, filed this motion which the court will construe as an action pursuant to 42 U.S.C. § 1983.[1] As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis and deny that request.

According to court records, Riches has had well over three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore,

---

[1] In the caption of his motion, Riches indicates that Joseph P. O'Brien and Andrew G. Shank are also plaintiffs to this action. However, only Riches has signed the motion and no address or contact information has been provided for either of the other two "plaintiffs." Further, Riches filed ten (10) other actions on the same day in which he names multiple plaintiffs to each action. See Riches v. Cobb, et al., No. 7:08cv00031; Riches v. Tucker, et al., No. 7:08cv00032; Riches v. Carr, et al., No. 7:08cv00033; Riches v. Friedman, et al., No. 7:08cv00034; Riches v. Grimm, et al., No. 7:08cv00035; Riches v. Young, et al., No. 7:08cv00036; Riches v. Ebersole, et al., No. 7:08cv00037; Riches v. Bolden, et al., No. 7:08cv00038; Riches v. Buckner, et al., No. 7:08cv00039; Riches v. Roper, et al., No. 7:08cv00040. It appears to the court that neither of these other plaintiffs are aware of the filing of this action, and therefore, the court will not consider them as plaintiffs to this action. If these plaintiffs wish to re-file this claim in their own name, they may do so by separate action. Moreover, to the extent Riches tries to bring this claim as a class action, it fails because a class action suit is not properly brought by a pro se litigant. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

[2] See Riches v. Bureau of Prisons, No. 6:06cv00194 (D. S.C. Mar. 20, 2006); Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Guantanamo Bay, No. 2:07cv13041 (E.D. Mich. Aug. 8, 2007); Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007); Riches v. James, No. 1:07cv02486 (N.D. Oh. Aug. 23, 2007); Riches v. Bonds, No. 3:07cv00375 (N.D. Ind. Aug. 16, 2007); Riches v. Pelosi, No. 3:07cv03695 (N.D. Ca. Aug. 30, 2007); Riches v. Schiavo, No. 8:07cv01644 (M.D. Fla. Sept. 18, 2007); Riches v. Snipes, No. 5:07cv00376 (M.D. Fla. Sept. 24, 2007); Riches v. Simpson, No. 6:07cv01504 (M.D. Fla. Sept. 24, 2007); Riches v. Shiavo, No. 8:07cv01730 (M.D. Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., No. 4:07cv00780 (E.D. Ark. Oct. 2, 2007); Riches v. Peterson, No. 3:07cv04539 (N.D. Ca. Oct. 3, 2007); Riches v. Craig, No. 1:07cv00538 (D. Del. Oct. 5, 2007); Riches v. Brady v. Maryland, 373 U.S. 83, 8:07cv02666 (D. Md. Oct. 9, 2007); Riches v. Noriega, No. 2:07cv00619 (M.D. Fla. Oct. 17, 2007); Riches v. Trump, No. 3:07cv00478 (D. Nev. Oct. 17, 2007).

Riches may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court dismisses his complaint without prejudice.[4]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 23rd day of January, 2008.

_____
United States District Judge

---

[3] Riches alleges that he is part of a social networking group that has a website which advocates against fraud and money laundering. He claims that the defendants have been sending his website "service of denial attacks" and asks the court to issue a restraining order against the defendants. Riches has not alleged any risk of physical injury, and therefore, the court finds that he has failed to meet the standard required under § 1915(g).

[4] The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaint.